UNITED STATES ex rel. CHANIN v. WILLIAMS, Immigration Com'r.

(Circuit Court of Appeals. Second Circuit. March 17, 1910).

No. 287.

ALIENS (54*) — IMMIGRANTS EXCLUDED — LIABILITY TO BECOME A PUBLIC CHARGE—ADMISSION UNDER BOND—DISCRETION.

The exercise by the Secretary of Commerce and Labor of the discretionary power conferred in him by Immigration Act Feb. 20, 1907, c. 1134, § 26, 34 Stat. 906 (U. S. Comp. St. Supp. 1909, p. 463), to admit alien immigrants after a finding that they are likely to become a public charge, if otherwise admissible, on the giving of a suitable bond, or his refusal to exercise such power, is not reviewable by the courts.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 112; Dec. Dig. § 54.*]

Appeal from the Circuit Court of the United States for the Southern District of New York.

Action by the United States, on relation of Hannah Chanin, against William Williams, as Commissioner of Immigration. From an order dismissing a writ of habeas corpus, relator appeals. Affirmed.

Kahn & Hegt (Herman Kahn, of counsel), for appellant.

Henry A. Wise, U. S. Atty. (G. H. Dorr and D. D. Walton, Jr., Asst. U. S. Atty., of counsel), for appellee.

Before LACOMBE, COXE, and WARD, Circuit Judges.

LACOMBE, Circuit Judge. The appellants are alien immigrants, who arrived at this port in the steamship Ryndam in November, 1909. The husband and father arrived by the same boat and was admitted to the country without much difficulty, because he traveled second class. The appellants, however, came in the steerage and were taken to Ellis Island. They came over in different parts of the steamship through no fault of their own, but because at the last moment it was discovered that the accommodations which the ship's agents had promised could not be furnished. As there was only one bunk in the second cabin, and the wife could not leave the small children, the husband took it, and the others kept together in the steerage. At Ellis Island the physician certified that appellant Hannah has "chronic Bright's disease which affects ability to earn a living; also has valvular disease of the heart which affects ability to earn a living." A board of special inquiry examined the husband as to his financial condition, and upon such examination and the certificate found that the relators were likely to become public charges. An appeal was taken to review this finding, but without success, and the conclusion that relators are within the ex-

cluded class, "persons likely to become a public charge," cannot be here disputed.

Section 26 of the immigration act of February 20, 1907 (34 Stat. 906, c. 1134 [U. S. Comp. St. Supp. 1909, p. 463]), provides:

"That any alien liable to be excluded because likely to become a public charge, or because of physical disability other than tuberculosis or a loathsome or dangerous contagious disease may, if otherwise admissible, nevertheless be admitted in the discretion of the Secretary of Commerce and Labor upon the giving of a suitable and proper bond or undertaking, approved by said Secretary in such amount and containing such conditions as he may prescribe," etc.

In accordance with the provisions of said section the relators applied for relief, offering to submit evidence of the financial condition and earning ability of the husband, father, and brothers of Mrs. Chanin, and adding:

"We respectfully submit that the discretion of your department should properly be exercised in favor of the aliens and for admission under bond, which we are ready to furnish."

A further hearing was thereupon had before the board of special inquiry, which took testimony as to financial conditions and as to the circumstances under which they failed to come all in the same cabin. The acting commissioner at this port advised against admission under bond. His certificates and all the evidence in the case were laid before the Secretary of Commerce and Labor. Relator's counsel had an interview with the commissioner, and was informed by the latter that it was the practice of the department to admit persons under bond only in cases of separation of family. Attention was then called to the fact that, if relators were excluded, the husband being admitted, there would be a separation of family in this case. In reply the commissioner stated that relators were not entitled to consideration, because the husband had come surreptitiously into the country. On December 13, 1909, the acting Secretary of Commerce and Labor denied the application for admission.

The matter of admission under bond of a person once found to be likely to become a public charge is by the statute confided to the Secretary, and we do not see why his refusal to admit is not an adverse exercise of such discretion in any particular case. His reasons for refusal may or may not seem persuasive to a court; but it is to him, not to the court, that Congress has confided the discretion.

The order is affirmed.